## IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| AMANDA HOLTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: 2:17-cv-453 |
| | ) | |
| BAMA LANES PRATTVILLE, LLC; | ) | |
| CHRISTOPHER WILLIAMS; and | ) | |
| SHELLY WAINWRIGHT, | ) | **PLAINTIFF DEMANDS** |
| | ) | **TRIAL BY STRUCK JURY** |
| Defendants. | ) | |

*RECEIVED*

*2017 JUL 10 P 3: 04*

*DEBRA P. HACKETT, CLK*
*U.S. DISTRICT COURT*
*MIDDLE DISTRICT ALA*

## COMPLAINT

## INTRODUCTION

Plaintiff Amanda Holton brings this action for legal and equitable relief to redress unlawful employment practices and violations of federal and state law by Defendants Bama Lanes Prattville, LLC; Christopher Williams; and Shelly Wainwright.

## JURISDICTION AND VENUE

1.  Plaintiff seeks legal and equitable relief to redress Defendants' violations of the Plaintiff's rights secured by:

       a.     Title VII of the Civil Rights Act of 1964 ("Title VII"), 42

             U.S.C. § 2000e, *et seq*., as amended;

       b.     The laws of the State of Alabama.

2.     Federal subject matter jurisdiction exists pursuant to:

       a.     28 U.S.C. §§ 1331 (federal question), 1343 (civil rights),

             1367 (pendent jurisdiction);

       b.     42 U.S.C. § 2000e-5(f).

3.     Venue is proper in this judicial district under 28 U.S.C. § 1391(b).

## PARTIES

4.     Plaintiff Amanda Holton (hereinafter "Plaintiff" or "Holton") is a resident of Autauga County, Alabama, and is over the age of nineteen (19) years. Plaintiff was employed by Bama Lanes Prattville, LLC in Prattville, Autauga County, Alabama at all times relevant to this lawsuit.

5.     Defendant Bama Lanes Prattville, LLC (hereinafter "Defendant" or "Bama Lanes") was Holton's employer at all times relevant to this lawsuit. Defendant employs at least fifteen (15) persons within the meaning of Title VII of the Civil Rights Act of 1964, as amended.

6.     Defendant Bama Lanes is an enterprise engaged in commerce or in the production of goods for commerce in Prattville, Autauga County, Alabama as defined under 29 U.S.C. § 203(s)(1)(B)&(C).

7.     Defendant Christopher Williams (hereinafter "Williams") is a resident of Autauga County, Alabama, and is over the age of nineteen (19) years. Williams was employed by Bama Lanes Prattville, LLC in Prattville, Autauga County, Alabama at all times relevant to this lawsuit.

8.     Defendant Shelly Wainwright (hereinafter "Wainwright") is a resident of Autauga County, Alabama, and is over the age of nineteen (19) years. Wainwright was employed as General Manager of Bama Lanes Prattville, LLC in Prattville, Autauga County, Alabama at all times relevant to this lawsuit.

## NATURE OF ACTION

9.     This is an action to redress grievances resulting from acts of Defendants, their agents, servants, and employees with respect to Plaintiff's employment; and for a permanent injunction restraining Defendants from maintaining a policy or practice of discrimination, harassment, or retaliation of employees who report unlawful discrimination and harassment.

10.     Plaintiff seeks all legal and equitable relief to which she is entitled, including attorneys' fees and costs. Plaintiff further requests injunctive relief prohibiting Defendant Bama Lanes from further illegal discrimination and harassment and requiring it to provide training on employment law and reporting procedures, at its cost, for all employees, managers, and trustees of Defendant. Further relief is requested as deemed appropriate by this Court.

## ADMINISTRATIVE PROCEDURES

11.    On August 19, 2015, within 180 days of the acts of discrimination of which she complains, Holton filed a Charge of Discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC"). **(See Exhibit A).**

12.    Holton's Charge of Discrimination has been pending with the EEOC for over 180 days.

13.    Holton has met all prerequisites to the filing of this lawsuit.

## STATEMENT OF FACTS

14.    Holton worked as a front desk attendant at Defendant Bama Lanes, a bowling alley in Prattville, Alabama, from August 19, 2014 to July 9, 2015.

15.    Bama Lanes terminated Holton's employment after she complained to Defendant Shelly Wainwright, Bama Lanes General Manager, about sexual harassment by a coworker, Defendant Christopher Williams.

16.    Williams was a pinsetter slated to be promoted to Pinsetter Manager at the time of the sexual harassment.

17.    Williams asked Holton if she wanted his phone number on numerous occasions, but Holton declined.

18.    Williams repeatedly made unwanted and unwelcomed sexual comments to Holton and solicited her for sex and sexual favors.

19.     Williams asked Holton if she preferred boy shorts or thongs in front of Brad Esco, the boyfriend of her then-coworker Maisie Smith.

20.     One night, Holton took out the trash and Williams was outside. Williams approach Holton and sat near her.  Williams patted his legs and asked Holton to sit on his lap.

21.     Williams asked Holton several times to go to his truck to have sex, and Holton refused.

22.     Williams often intruded into Holton's personal space by getting close to her while making sexually-charged comments.

23.     Williams' conduct and closeness made Holton fear that he may touch her in an unwanted manner.

24.     Holton felt demeaned by Williams' constant sexual comments.

25.     Williams' conduct caused Holton a great deal of apprehension, embarrassment, humiliation, and shame.

26.     In mid-May 2015, Holton complained in writing to Wainwright about Williams' sexual harassment and his drinking alcohol at work.

27.     Two (2) other female employees, Amelia Esco and Ashley Horn, also complained in writing on the same day to Wainwright about Williams making similar sexual and degrading comments to them.

28.     Ms. Esco told Holton that, on one occasion when she was laundering towels, Williams came up behind her and said "look at that ass."

29.     Another female employee, Maisie Smith, told Holton she was sexually harassed by Williams, but was afraid to complain because he lived down the street from her and was ex-military.

30.     Holton is unaware of any investigation Bama Lanes conducted regarding these complaints of sexual harassment.

31.     Bama Lanes never informed Holton of any steps it took to address the complaints in any way.

32.     After Holton and the others complained, Maisie Smith told Holton that she heard Williams say he planned to have Holton, Ms. Esco, and Ms. Horn terminated.

33.     On July 8, 2015, Holton took her laptop to work as she had done many times before.

34.     Holton had always been allowed to use her laptop in between assisting customers and performing her other daily tasks.

35.     Williams took a photograph of Holton using her laptop at the front desk and sent it to Wainwright.

36.     The following day, July 9, 2015, Wainwright terminated Holton without warning.

37.    Wainwright claimed that she was terminating Holton because she was using her laptop and because her cash drawer had been over, not under, $5-$10 on a couple of occasions.

38.    Holton had never been warned that her cash drawer was over by $5 or $10, nor had she ever been told that this was a terminable offense.

39.    Holton had never been counseled, disciplined, or otherwise informed that she was not permitted to use her laptop.

40.    At least one other employee, Patty Sutherland, used a laptop at work. To Holton's knowledge, Sutherland was never disciplined for doing so and had never complained of discrimination or harassment.

41.    On or about July 10, 2015, Holton went to Bama Lanes to obtain a copy of her written complaint.

42.    Holton spoke with Chris Gannon, who called Steve Early, Pinsetter Manager, to ask for a copy.

43.    Mr. Early told Mr. Gannon that Holton's complaint had been thrown away because she had been terminated the day before.

44.    Holton believes Defendants waited for an opportunity to terminate her employment in retaliation for her sexual harassment complaints.

45.    Defendants gave preferential treatment to Williams and other male employees in the terms, conditions, and pay of their employment.

46.     Defendants violated Holton's rights to be in a workplace free from discrimination, sexual harassment, and retaliation.

47.     Other similarly-situated female coworkers have suffered discrimination, sexual harassment, or retaliation by Defendants.

## COUNT I

## TITLE VII - SEX DISCRIMINATION
## AGAINST DEFENDANT BAMA LANES

48.     Plaintiff re-alleges the facts above as if fully set forth herein.

49.     Plaintiff is female.

50.     Plaintiff endured regular, offensive, sex-related comments during her employment.

51.     Plaintiff was treated differently from similarly-situated males who perpetuated the behavior of which she complained.

52.     Defendant treated male employees more favorably in the terms, conditions, and pay of their employment.

53.     Defendants terminated Holton's employment because of sex.

54.     Defendants' termination of Holton and other discriminatory conduct were motivated by sex.

WHEREFORE, Plaintiff requests the following relief:

a)    Award Plaintiff appropriate declaratory relief, equitable relief, lost wages, lost benefits, front pay, back pay, injunctive relief, compensatory and punitive damages, costs, interest, and attorneys' fees;

b)    Grant a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys, and those acting in concert therewith from continuing to violate Title VII of the Civil Rights Act of 1964, as amended;

c)    Award such other and further relief as this Court deems just and proper.

## COUNT II

## TITLE VII - HOSTILE WORK ENVIRONMENT AGAINST DEFENDANT BAMA LANES

55.    Plaintiff re-alleges the facts above as if fully set forth herein.

56.    Plaintiff suffered from severe or pervasive sexual harassment during her employment with Bama Lanes.

57.    Plaintiff endured numerous sex-related comments, including requests for sex and sexual favors, from Defendant Williams.

58.    Williams' conduct was unwanted and unwelcomed.

59.    Plaintiff was highly offended by Williams' conduct.

60.    Williams' conduct was demeaning, degrading, and caused Plaintiff to suffer extreme embarrassment and humiliation.

61.    Plaintiff complained about Williams' harassment to Defendant Wainwright.

62.    Other female employees complained to Defendant Wainwright about Defendant Williams' harassment.

63.    Defendants failed to investigate Plaintiff's complaint.

64.    Plaintiff is unaware of any investigation into any of her coworkers' complaints.

65.    Defendants failed to remedy the harassment.

66.    Defendants failed to employ policies, procedures, and training sufficient to prohibit sexual harassment or to lawfully address complaints of sexual harassment.

WHEREFORE, Plaintiff requests the following relief:

a)    Award Plaintiff appropriate declaratory relief, equitable relief, lost wages, lost benefits, front pay, back pay, injunctive relief, compensatory and punitive damages, costs, interest, and attorneys' fees;

b)    Grant a permanent injunction enjoining Defendants, its agents, successors, employees, attorneys, and those acting in concert

therewith from continuing to violate Title VII of the Civil Rights Acts of 1964, as amended;

c)  Award such other and further relief as this Court deems just and proper.

## COUNT III

## TITLE VII – RETALIATION
## AGAINST DEFENDANT BAMA LANES

67.  Plaintiff re-alleges the facts above as if fully set forth herein.

68.  Plaintiff complained of unwanted and unwelcomed harassment.

69.  Defendant terminated Plaintiff's employment less than two (2) months after she complained of the harassment.

70.  Defendant's alleged reasons for terminating Plaintiff's employment are pretextual.

71.  Other employees that committed the same, similar, or worse acts of misconduct were not terminated.

WHEREFORE, Plaintiff requests the following relief:

a)  Award Plaintiff appropriate declaratory relief, equitable relief, lost wages, lost benefits, front pay, back pay, injunctive relief, compensatory and punitive damages, costs, interest, and attorneys' fees;

b)   Grant a permanent injunction enjoining Defendants, its agents, successors, employees, attorneys, and those acting in concert therewith from continuing to violate Title VII of the Civil Rights Acts of 1964 and 1991, as amended;

c)   Award such other and further relief as this Court deems just and proper.

## COUNT IV

### INVASION OF PRIVACY
### AGAINST ALL DEFENDANTS

72.   Plaintiff re-alleges the facts above as if fully set forth herein.

73.   Defendant Williams subjected Holton to egregious sexual harassment that was unwanted and unwelcomed.

74.   Williams asked Holton to sit in his lap, asked her intrusive questions about her underwear, tried to give Holton his phone number on numerous occasions, violated her personal space, and asked Holton for sex while on the job on several occasions.

75.   Plaintiff complained, but Defendants Bama Lanes and Wainwright failed to correct Williams' behavior.

76.   Defendants' acts and omissions invaded Plaintiff's physical and emotional sanctum, causing her harm.

77.     Defendants invaded Plaintiff's privacy by placing her in false light to others and publicizing false reasons for her termination.

78.     Defendants' intrusion was so offensive or objectionable that a reasonable person subjected to it would experience outrage, mental suffering, shame, or humiliation.

WHEREFORE, Plaintiff requests the following relief:

a)     Award Plaintiff appropriate declaratory relief, equitable relief, lost wages, lost benefits, front pay, back pay, injunctive relief, compensatory and punitive damages, costs, interest, and attorneys' fees;

b)     Grant a permanent injunction enjoining Defendants, its agents, successors, employees, attorneys, and those acting in concert therewith from continuing to violate the state laws asserted;

c)     Award such other and further relief as this Court deems just and proper.

## COUNT V

## ASSAULT
## AGAINST DEFENDANT CHRIS WILLIAMS

79.     Plaintiff re-alleges the facts above as if fully set forth herein.

80.     Plaintiff suffered from persistent sexual harassment of an extreme nature by Defendant Williams.

81.    Williams threatened Plaintiff with sexual touching and contact that were unwelcomed.

82.    Plaintiff feared unwanted touching from Williams.

83.    Plaintiff's apprehension of the unwelcomed touching constitute assault.

84.    Plaintiff suffered harm as a result of Defendants' unlawful conduct.

WHEREFORE, Plaintiff requests the following relief:

a)    Award Plaintiff appropriate declaratory relief, equitable relief, lost wages, lost benefits, front pay, back pay, injunctive relief, compensatory and punitive damages, costs, interest, and attorneys' fees;

b)    Grant a permanent injunction enjoining Defendants, its agents, successors, employees, attorneys, and those acting in concert therewith from continuing to violate the state laws asserted;

c)    Award such other and further relief as this Court deems just and proper.

## COUNT VI

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST ALL DEFENDANTS

85.    Plaintiff re-alleges the facts above as if fully set forth herein.

86.    Defendant   Williams   subjected   Plaintiff   to   egregious   sexual harassment.

87.    Defendants Bama Lanes and Wainwright allowed Plaintiff to be subjected to Williams' egregious sexual harassment by refusing to investigate or remedy Williams' conduct.

88.    Defendants Bama Lanes and Wainwright unlawfully terminated Plaintiff's employment after she complained of Williams' harassment.

89.    Defendants'   conduct   was   intentional,   reckless,   extreme   and outrageous.

90.    Defendants' conduct caused Plaintiff emotional distress so severe that no reasonable person could be expected to endure it.

WHEREFORE, Plaintiff requests the following relief:

a)     Award Plaintiff appropriate declaratory relief, equitable relief, lost wages, lost benefits, front pay, back pay, injunctive relief, compensatory and punitive damages, costs, interest, and attorneys' fees;

b)     Grant a permanent injunction enjoining Defendants, its agents, successors, employees, attorneys, and those acting in concert therewith from continuing to violate the state laws asserted;

c)   Award such other and further relief as this Court deems just and proper.

## COUNT VII

## NEGLIGENT HIRING, TRAINING, RETENTION, AND SUPERVISION AGAINST DEFENDANTS BAMA LANES AND WAINWRIGHT

91.   Plaintiff re-alleges the facts above as if fully set forth herein.

92.   This is a claim arising under the laws of the State of Alabama to redress the negligent and wanton hiring, training, supervision and retention of Defendants' employees.

93.   Defendants had a duty to provide a reasonably safe, non-discriminatory, and non-hostile work environment to Plaintiff.

94.   Defendants Bama Lanes and/or Wainwright negligently and wantonly hired Williams.

95.   Defendants Bama Lanes and/or Wainwright failed to train, discipline, or terminate Williams for his sexual harassment of Plaintiff.

96.   Defendants had actual notice of Williams' harassment through the complaints of Plaintiff and other employees.

97.   Defendants failed to train management and employees on policies prohibiting discrimination, harassment, and retaliation.

98.   Defendants failed to administer policies against discrimination, harassment, and retaliation.

99. Defendants' failures created a hostile, unsafe, and retaliatory working environment for Plaintiff.

100. Plaintiff suffered harm as a result of Defendants' unlawful conduct.

WHEREFORE, Plaintiff requests the following relief:

a) Award Plaintiff appropriate declaratory relief, equitable relief, lost wages, lost benefits, front pay, back pay, injunctive relief, compensatory and punitive damages, costs, interest, and attorneys' fees;

b) Grant a permanent injunction enjoining Defendants, its agents, successors, employees, attorneys, and those acting in concert therewith from continuing to violate the state laws asserted;

c) Award such other and further relief as this Court deems just and proper.

WHEREFORE, premises considered, Plaintiff requests all relief set forth herein.

## PLAINTIFF DEMANDS TRIAL BY STRUCK JURY

Respectfully submitted,

Alicia K. Haynes ASB-8237-E23A
Sonya C. Edwards ASB-8848-S73E
Attorneys for Plaintiff

**OF COUNSEL:**

**HAYNES & HAYNES, P.C.**
1600 Woodmere Drive
Birmingham, Alabama 35226
Phone: (205) 879-0377
Fax: (205) 879-3572
E-mail: akhaynes@haynes-haynes.com
E-mail: scedwards@haynes-haynes.com

## PLEASE SERVE THE FOLLOWING DEFENDANTS
## BY CERTIFIED MAIL:

Bama Lanes Prattville, LLC
c/o Steve Lander, Registered Agent
9524 Bentbrook Drive
Montgomery, AL 36117

Shelly Wainwright
1382 Highway 82 W.
Prattville, AL 36067

Christopher Williams
109 Country Club Drive
Prattville, AL 36067