# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| AMANDA HOLTON,  )<br>  )<br>   Plaintiff,  )<br>  )<br>   v.  )<br>  )<br>BAMA LANES  )<br>PRATTVILLE, LLC;  )<br>CHRISTOPHER WILLIAMS; and  )<br>SHELLY WAINWRIGHT,  )<br>  )<br>   Defendants.  ) | CIVIL ACTION NO.<br>2:17cv453-MHT<br>(WO) |

## ORDER ON PRETRIAL HEARING

A pretrial hearing was held in this case on March 7, 2019, wherein the following proceedings were held and actions taken:

1. <u>PARTIES AND TRIAL COUNSEL:</u>

Plaintiff Amanda Holton will be represented at trial by attorney Alicia K. Haynes and Kenneth D. Haynes of Haynes & Haynes, P.C.

Defendant Bama Lanes Prattville, LLC will be represented at trial by Kent Garrett of Kent Garrett Attorney at Law.

Defendant Christopher Williams will be represented by Tamika R. Miller of Miller Smith, LLC.

Defendant Shelly Wainwright will be represented *pro se*.

COUNSEL APPEARING AT PRETRIAL HEARING:

Same as trial counsel

2. JURISDICTION AND VENUE:

The parties agree that jurisdiction is proper under 28 U.S.C. § 1331, which gives the district court original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; under 28 U.S.C. § 1343(4), which gives the district court original jurisdiction over causes of action arising out of civil rights violations; and 42 U.S.C. § 2000e-5(f)(3), which gives the district court jurisdiction over actions brought under Title VII of the Civil Rights Act of 1964.

The parties agree that venue is proper in this judicial district under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims asserted in this action occurred within this judicial district. The parties also agree that venue is proper in this judicial district under 42 U.S.C. § 2000e-5(f)(3) in that plaintiff would have worked in this judicial district but for the alleged unlawful employment practices.

3. PLEADINGS: The following pleadings and amendments were allowed:

- Plaintiff's Complaint. (Doc. 1).
- Shelly Wainwright's Answer to Plaintiff's Complaint. (Doc. 8).

- Steve Lander's Answer to Plaintiff's Complaint (on behalf of Bama Lanes Prattville, LLC). (Doc. 9).
- Bama Lanes Prattville, LLC's Answer to Plaintiff's Complaint. (Doc. 14).
- Plaintiff's Motion for Entry of Default. (Doc. 22).
- Christopher William's Answer to Plaintiff's Complaint. (Doc. 26).
- Christopher William's Motion in Opposition of Default Judgment (Doc. 27).

4. CONTENTIONS OF THE PARTIES:

(a) The Plaintiff:

Plaintiff contends that Defendants violated Title VII and Alabama state law: 1) when they subjected her to unequal treatment because of her sex; 2) when they subjected her to ongoing sexual harassment and a hostile work environment because of her sex; 3) when they terminated her employment after she complained of the sexual harassment she was subjected to due to her sex. Plaintiff claims that the violations of Defendants were willful. Plaintiff brings the following claims: Sex Discrimination against Defendant, Bama Lanes; Title VII Hostile Work Environment against Defendant, Bama Lanes; Title VII Retaliation against Defendant, Bama Lanes; Invasion of Privacy against all defendants, Bama Lanes, Wainwright and Williams; Assault against Defendant Williams; Intentional Infliction of Emotional Distress against all defendants, Bama Lanes, Wainwright

and Williams;  Negligent Hiring, Training, Retention, and Supervision against all defendants, Bama Lanes, Wainwright and Williams.

Plaintiff seeks all damages authorized by Title VII and Alabama state law including back pay, lost wages, lost benefits, front pay, pre- and post-judgment interest, pecuniary compensatory damages, non-pecuniary compensatory damages and punitive damages as well as reasonable attorneys' fees, statutory costs, and all litigation expenses.

Plaintiff also seeks appropriate equitable relief from the Court, including reinstatement and such other relief as the Court deems appropriate to make certain Plaintiff is not subjected to any future discrimination or retaliation in the event of her reinstatement.

    (b)    Defendant Bama Lanes Prattville, LLC:

Defendant, Bama Lanes Prattville, LLC, hereinafter referred to as Bama Lanes Prattville, denies all material accusations of the Plaintiff's Complaint and Defendant, Bama Lanes Prattville demands strict proof of every material allegation. Bama Lanes Prattville further incorporates herein all defensive matters previously pled in the answers and defenses on file. Specifically, Defendant, Bama Lanes Prattville expects to prove that they had proper controls in place to ensure that the workplace was safe and fair for all employees. During the Plaintiff's second term of

employment at the bowling alley, the Plaintiff made accusations about another employee making inappropriate remarks to the Plaintiff. When this was made known to management of Bama Lanes Prattville, the complaint was addressed. The Plaintiff and the employee that was the subject of the complaint, were asked to meet with management. They both did. The alleged perpetrator was instructed to apologize. He did and he did so in the presence of management. The Plaintiff was then asked if she would accept this apology and she said she would and indicated she saw no need to take further action. Several months later, after being warned several times about violations of known employee rules, the Plaintiff was let go. Later on, she decided to file this lawsuit.

    (c)    Defendant Christopher Williams:

Defendant Christopher Williams contends that he did not violate any Alabama law and denies all allegations asserted in the complaint of the Plaintiff. Defendant Christopher Williams demand strict proof of every material allegation. Defendant Christopher Williams expects to prove that he did not commit the acts alleged in Counts IV-Invasion of Privacy, V-Assault and VI-Intentional Infliction of Emotional Distress.

    (d)    Defendant Shelly Wainwright *pro se*:

No position statement received.

5. STIPULATIONS OF THE PARTIES:

STIPULATIONS BETWEEN PLAINTIFF AND
DEFENDANT BAMA LANES:

(a) Plaintiff was employed as a front desk attendant at Bama Lanes bowling alley from August 19, 2014 to July 9, 2015;

(b) Defendant Shelly Wainwright was the Bama Lanes General Manager from August 19, 2014 to July 9, 2015;

(l) Plaintiff filed her charge of discrimination with the EEOC on August 19, 2015.

Defendant, Bama Lanes Prattville has no further stipulations at this time.

STIPULATIONS BETWEEN PLAINTIFF AND
DEFENDANT CHRISTOPHER WILLIAMS:

(a) Plaintiff was employed as a front desk attendant at Bama Lanes bowling alley from August 19, 2014 to July 9, 2015;

(b) Defendant Shelly Wainwright was the Bama Lanes General Manager from August 19, 2014 to July 9, 2015;

(c) Defendant Christopher Williams was a pinsetter and slated to be promoted to Pinsetter Manager during from August 19, 2014 to July 9, 2015;

(l) Plaintiff file her charge of discrimination with the EEOC on August 19, 2015.

***

It is ORDERED that:

(1) The jury selection and trial of this cause, which is to last two days, are set for April 8, 2019, at 10:00 a.m., at the United States Courthouse in Montgomery, Alabama;

(2) A trial docket will be mailed to counsel for each party approximately two weeks prior to the start of the trial term;

(3) Each party shall have available at the time of trial, for use by the court (the judge, the courtroom deputy clerk, and the law clerk), three copies of the exhibit list and a sufficient number of copies of each photostatically reproducible exhibit for opposing counsel, the courtroom deputy clerk, the law clerk, the jurors, and the judge to each have a set of the exhibits;

(4) Trial briefs ((a) summarizing the evidence to be presented at trial, (b) setting forth the elements of

each and every claim and defense at issue and how the evidence does or does not satisfy those elements, with citations to caselaw, and (c) addressing any evidentiary issues that may arise at trial, with citations to relevant rules and caselaw) are required to be filed by April 1, 2019;

(5) All deadlines not otherwise affected by this order will remain as set forth in the uniform scheduling order (doc. no. 34, as amended by doc. nos. 37, 39); and

(6) All understandings, agreements, deadlines, and stipulations contained in this pretrial order shall be binding on all parties unless this order be hereafter modified by order of the court.

DONE, this the 7th day of March, 2019.

          /s/ Myron H. Thompson
          **UNITED STATES DISTRICT JUDGE**