# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| AMANDA HOLTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:17-cv-453-ALB |
| | ) |
| BAMA LANES PRATTVILLE, LLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant Bama Lanes Prattville, LLC's ("Bama Lanes") Renewed Motion for Judgment as Matter of Law (Doc. 100) and Defendant Christopher Williams's Renewed Motion for Judgment as a Matter of Law. (Doc. 103). Upon consideration, the motions are **DENIED.**

A three-day jury trial was held in this case. At the close of Plaintiff Amanda Holton's case-in-chief, Defendants moved for judgment as a matter of law on all claims. The Court denied Defendants' motions, and thus "the court [was] considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion." Fed. R. Civ. P. 50(b). After hearing the evidence presented at trial, the jury found Defendant Bama Lanes liable for Negligent Training, Supervision, and Retention (Count VII) and Defendant Williams liable for

Invasion of Privacy (Count IV). Defendants are now challenging the verdict on those claims.

A district court's analysis of a motion for judgment as a matter of law under Rule 50 is the same regardless of whether the analysis "is undertaken before or after submitting the case to the jury." *Chaney v. City of Orlando*, 483 F.3d 1221, 1227 (11th Cir. 2007). Accordingly, "in ruling on a party's renewed motion under Rule 50(b) after the jury has rendered a verdict, a court's sole consideration of the jury verdict is to assess whether that verdict is supported by sufficient evidence." *Id.* To evaluate whether there is sufficient evidence to support the verdict, the court must consider "all the evidence, together with any logical inferences, in the light most favorable to the non-moving party." *McGinnis v. Am. Home Mortg. Servicing, Inc.*, 817 F.3d 1241, 1254 (11th Cir. 2016).

I.  **Williams's Renewed Motion for Judgment as a Matter of Law**

Williams argues that he is entitled to judgment as a matter of law on Plaintiff's Invasion of Privacy claim because there was insufficient evidence from which a jury could have found for Plaintiff. Specifically, Williams claims that his conduct was not sufficiently offensive or objectionable to constitute an intrusion upon the plaintiff's physical solitude or seclusion. The Court disagrees.

To establish an invasion of privacy claim based on a wrongful intrusion into one's private activities, Plaintiff had to show that "the matters intruded into [were]

of a private nature" and that the wrongful intrusion was "so offensive or objectionable that a reasonable person subjected to it would experience outrage, mental suffering, shame, or humiliation." *Ex parte Atmore Cmty. Hosp.*, 719 So. 2d 1190, 1194 (Ala. 1998) (citing *Busby v. Truswal Sys. Corp.*, 551 So. 2d 322, 323 (Ala. 1989)). Courts have long held that marriage and sexual concerns are "fundamental rights, entitled to privacy protection." *Phillips v. Smalley Maintenance Servs., Inc.*, 435 So. 2d 705, 708 (Ala. 1983) (citing *Eisenstadt, Sheriff v. Baird*, 405 U.S. 438 (1972)). "While asking a co-employee for a date and making sexual propositions usually do not constitute an invasion of privacy, extensive inquiries into one's sex life or looking up one's skirt may constitute an invasion of privacy." *Ex parte Atmore*, 719 So. 2d at 1194.

As an initial matter, Williams's summary of the evidence presented at trial reflects neither the extent nor the intrusiveness of his sexually harassing behavior. Though Williams acknowledges that Plaintiff "testified to many acts that occurred at the hands of Defendant Williams," he attempts to minimize Plaintiff's testimony, claiming that it was not corroborated by any other witnesses. (Doc. 103 at 2-3). But when deciding a Rule 50(b) motion, the court must not "weigh conflicting evidence and inferences, and determine the credibility of witnesses"—that is the task of the jury. *Id.*; *see generally Slater v. U.S. Steel Corp.*, 871 F.3d 1174, 1190 (11th Cir. 2017) (Carnes, C.J., concurring) (collecting cases recognizing the "long-established

3

law of this circuit" that the trier of fact is not required to credit any witness's testimony); *Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1264 (11th Cir. 2008) ("[I]t is not unusual for there to be evidence on both sides of the question, with the result hanging in the balance.").

At trial, Plaintiff testified that Williams repeatedly rubbed her shoulders despite her demanding that he stop; asked her questions about her underwear multiple times, including what kind she wore and whether they matched her bra; patted his legs and asked her to come sit on his lap; solicited her multiple times to come to his truck and "bang him"; asked her to go in the bathroom with him; got within three to four inches of her face "a few times"—so close that she could almost "taste" the alcohol on his breath; tossed shoes behind the counter that hit her legs; became irritated with her and threw a bowling ball, yelling "F this shit, I'm done"; and made other sexually-charged comments to her. (Doc. 100-2 at 11-15, 18-20, 30-31). Plaintiff further testified that, as a result of Williams's conduct and after rejecting his advances, she was fearful to leave the building "a couple of times" until he left the parking lot, that Williams made her feel unsafe and uncomfortable on multiple occasions, and that she was intimidated by him. (Doc. 100-2 at 11-13, 29-31, 74). And finally, Plaintiff testified that as a result of Williams's harassing behavior, she also suffered from mental and physical harm, including depression and weight loss. (Doc. 100-2 at 29, 64).

In other words, this is not a case in which the alleged conduct amounts to a few lewd comments and unwanted sexual advances. *See McIsaac v. WZEW-FM Corp.*, 495 So. 2d 649 (Ala. 1986) (finding insufficient evidence of invasion of privacy claim where harasser told employee about an affair he had, asked the employee to have dinner and be available when he was in town, tried to kiss the employee, and made "suggestive lurks or little innuendos"). Rather, the evidence presented at the trial in this case—that Williams made numerous overt sexual propositions and demands, subjected Plaintiff to repeated unwanted physical touching, and asked intimate questions related to Plaintiff's personal life, such as what color her underwear was and whether it matched her bra—is more akin to the evidence that other courts in Alabama have found sufficient to establish an invasion of privacy claim. *See, e.g.*, *Ex parte Atmore*, 719 So. 2d at 1194 (finding that harasser's conduct in looking up plaintiff's skirt on more than occasion, making lewd comments, and asking the plaintiff to meet him outside of work for non-business purposes "constituted substantial evidence that he committed an invasion of privacy"); *Busby*, 551 So. 2d at 324 (identifying 17 instances of the harasser's conduct—mostly consisting of sexual propositions, lewd comments about the plaintiffs' sex lives, and at least one instance of touching the plaintiffs' arms and necks—as evidence on which a jury could reasonably find that the harasser invaded the plaintiffs' privacy); *Whitford v. Sub-Line Assocs., Inc.*, No. CV-17-BE-1678-S,

2017 WL 3118810, at *6-8 (N.D. Ala. July 21, 2017) (finding evidence legally sufficient to support invasion of privacy claim where harasser touched her all the time when they were working together—sometimes locking a door or blocking an exit—and continued a "running banter" of sexual comments at work, in phone calls, and in texts, including naming body parts and sex acts and asking about her sex life).

For these reasons and based on the evidence presented at trial, the Court confirms its finding that the evidence presented at trial was legally sufficient to support the jury's verdict finding Williams liable for invasion of privacy.

## II. Bama Lanes's Renewed Motion for Judgment as a Matter of Law

Bama Lanes argues that it is entitled to judgment as a matter of law on Plaintiff's Negligent Training, Supervision, and Retention claim because (1) the jury's verdict "is wholly unsupported by the evidence," (2) Plaintiff did not prove that Bama Lanes committed an underlying tort, and (3) the claim is barred by the statute of limitations.

The Court first addresses Bama Lanes's second and third arguments as both are easily dismissed. With respect to Bama Lanes's second argument, Bama Lanes recognizes that Negligent Training, Supervision, and Retention is a derivative claim that requires proof of an underlying tort as its first element. Bama Lanes argues that "[n]o such finding was made" *against Bama Lanes*, and thus "the derivative claim derives from nothing and cannot stand." (Doc. 100, ¶ 3, 6-8). But Plaintiff did not

6

have to prove that Bama Lanes committed an underlying tort—only that one of its employees committed an underlying tort. *McKinnes v. Am. Int'l Grp., Inc.*, 420 F. Supp. 2d 1254, 1259 (M.D. Ala. 2006) ("[A] company cannot be independently guilty of negligent or wanton hiring, training, or supervising in the absence of some tort committed by its employee against the plaintiff[]."); *Ellis v. Advanced Tech., Servs., Inc.*, 3:10-cv-555, 2010 WL 3526169, at *2 (M.D. Ala. Sept. 3, 2010) ("[A] negligent supervision claim must be based on a common-law, Alabama tort committed by an employee, not on a federal cause of action such as Title VII." (internal quotations omitted)). Because the jury explicitly found in favor of Plaintiff on Count IV, finding Williams liable for the Alabama common-law tort of invasion of privacy, Bama Lanes's argument fails.

Bama Lanes's third argument is that Plaintiff's Negligent Training, Supervision, and Retention claim is barred by the two-year statute of limitations applicable to negligence claims. Bama Lanes did not raise this argument in its original request for judgment as a matter of law made under Rule 50(a). It is well-settled that "[a] Rule 50(b) is a *renewal* of a Rule 50(a) motion," and thus "it must be based upon the same grounds" as the Rule 50(a) motion. *Doe v. Celebrity Cruises, Inc.*, 394 F.3d 891, 903 (11th Cir. 2004). Thus, Bama Lanes has waived this argument.

This leaves the crux of Bama Lanes's argument—its first argument—that there is insufficient evidence to support Plaintiff's Negligent Training, Supervision, and Retention claim. To establish a claim for Negligent Training, Supervision, and Retention, Plaintiff had to show (1) that Williams committed an underlying Alabama common-law tort, (2) that Bama Lanes knew of his incompetency or would have known of his incompetency if it had exercised due and proper diligence, and (3) that Bama Lanes failed to respond adequately after gaining notice of his incompetency. *See, e.g.*, *Armstrong Bus. Servs, Inc. v. AmSouth Bank*, 817 So. 2d 665, 682 (Ala. 2001); *see also Baldwin v. Blue Cross/Blue Shield of Alabama*, 480 F.3d 1287, 1309 (11th Cir. 2007); *Ellis*, 2010 WL 3526169, at *2. The Court finds that there was ample evidence from which the jury could have concluded that Bama Lanes negligently trained, supervised, and retained Williams.

As discussed above, there was sufficient evidence to meet the first element of Plaintiff's claim because the jury found Williams liable for invasion of privacy—an Alabama common-law tort. To satisfy the second element, Plaintiff had to show that Bama Lanes had actual or constructive notice of Williams's conduct. A plaintiff can establish constructive notice by showing that the employee's conduct was "of such nature, character, and frequency that [the employer], in the exercise of due care, must have had them brought to [its] notice." *Armstrong*, 817 So. 2d at 683 ("[I]t is proper, when repeated acts of carelessness and incompetency of a certain character are

shown on the part of the [employee] to leave it to the jury whether they would have come to [the employer's] knowledge, had he exercised reasonable care.").

The Court will not list each fact testified to at trial satisfying Plaintiff's proof of this element, but Plaintiff generally testified that Williams frequently and openly made sexually-charged comments to her. Three other female employees also testified that Williams openly made sexually-charged comments to them. Plaintiff further testified that she overheard Williams make sexually-charged comments to other female employees, including asking another female employee to give him a "blow job," and that she saw Williams grab another female employee's "butt." (Doc. 100-2 at 14). And she also testified that Shelly Wainwright, the general manager, would "cut off" and "shrug off" Plaintiff when she tried to explain things to her like it "didn't matter." (Doc. 100-2 at 9). In addition, multiple witnesses testified that Bama Lanes did not have a sexual harassment policy during the relevant time period (or even at the time of trial) and that Bama Lanes did not provide any training on sexual harassment, including the proper procedures to report harassment, to its employees during the relevant time period. *Cf. Baldwin*, 480 F.3d at 1309 (finding insufficient evidence of negligent training, supervision, and retention where there was no evidence that the defendant "knew or had reason to suspect that [employee] was harassing" the plaintiff or anyone else until it was reported because the plaintiff had "received a copy of and was trained in the company's sexual harassment

9

policy"). Thus, based on this evidence and other evidence presented at trial, the Court finds that Plaintiff presented sufficient evidence to satisfy this element of her claim.

Finally, much of the same evidence described above, as well as the additional testimony at trial, also supports the third element of Plaintiff's claim—that Bama Lanes failed to respond adequately after gaining notice of his behavior. Bama Lanes cites excerpts from the trial testimony, presumably to show that the sexually harassing behavior stopped after Plaintiff reported Williams's conduct and had a meeting with management in which Williams apologized to Plaintiff. Bama Lanes further argues that the jury found that Bama Lanes took prompt remedial action to eliminate the hostile work environment created by Williams, and therefore it cannot be held liable for negligent training, supervision, and retention. But these are two separate claims, requiring different elements of proof. Stated differently, Bama Lanes conflates Plaintiff's burden of proof on her sexual harassment claim with her burden of proof on her negligent training, supervision, and retention claim. The fact that the jury found that Bama Lanes took prompt remedial action as part of Plaintiff's hostile work environment claim did not preclude the jury from finding that Bama Lanes negligently failed to prevent Plaintiff's invasion of privacy by Williams.

As one example, the jury could have concluded that Bama Lanes should have known, in the exercise of reasonable care, about William's incompetency based on

the fact that Williams made open and frequent comments propositioning female employees for sex and other sex-related acts, that he openly engaged in unwelcomed touching of female employees, and that Bama Lanes utterly failed to provide any training to its employees on sexual harassment. *See Hovanski v. Am. Income Life Ins. Co.*, No. 2:03-cv-0838, 2006 WL 8436890, at *14 (N.D. Ala. Jan. 11, 2006) ("The Alabama Supreme Court has stated 'a failure on the part of [the employer] to review the company's training manuals with [its employees] or to otherwise train [its employee] could result in liability for negligent training." (quoting *Ahart v. Host Marriott Corp.*, No. Civ.A. 95-0034, 1996 WL 1057054, at *7 (M.D. Ala. May 24, 1996))). In other words, the jury could have concluded based on the evidence presented at trial that Bama Lanes should have known about Williams's unfitness prior to receiving actual notice and negligently failed to prevent Plaintiff's resulting invasion of privacy.

For these reasons and based on the evidence presented at trial, the Court finds that there was sufficient evidence to support the jury's verdict against Bama Lanes for Negligent Training, Supervision, and Retention.

Accordingly, Defendant Bama Lanes's Renewed Motion for Judgment as a Matter of Law (Doc. 100) and Defendant Williams's Renewed Motion for Judgment as a Matter of Law (Doc. 103) are **DENIED.**

**DONE** and **ORDERED** this 9th day of December 2019.

                                                   /s/ Andrew L. Brasher
                                     ANDREW L. BRASHER
                                     UNITED STATES DISTRICT JUDGE